UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE DEL-ORDEN, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>-against-<br><br>OUTBACK STEAKHOUSE OF FLORIDA, LLC.<br><br>Defendant. | 16 CV 2319<br><br>**UNOPPOSED MOTION FOR ENTRY OF JUDGMENT** |

COMES NOW Plaintiff JOSE DEL-ORDEN ("Plaintiff"), acting by means of his counsel pursuant to Rule 58 of the Federal Rules of Civil Procedure, and moves the Court to enter Judgment in this matter by approving and entering the Order attached hereto. Plaintiff has brought this lawsuit against Defendant based upon the contention that Defendant's websites do not comply with the accessibility requirements of the ADA. Defendant contends that its websites are not in violation of the ADA.

Both parties are interested in having Defendant's websites be accessible to customers who suffer from disabilities. Rather than litigating this matter, the parties have attempted to reach a mutually satisfactory compromise. Pursuant to a mutual settlement agreement, Defendant has agreed to revise its websites to make them more accessible. The revisions will take place according to a mutually-satisfactory schedule that allows Defendant sufficient time to identify and implement the best solutions to the issues raised by the Plaintiff and to rewrite the necessary code to achieve those solutions, while also taking advantage of budget allocations that have been planned in advance to achieve future upgrades.

To ensure that Defendant's efforts are satisfactory, the parties worked to identify a means by which Defendant's compliance efforts could be judged. The parties agree that the U.S. Department of Justice has not yet issued any regulations that definitively establish whether the ADA imposes accessibility requirements upon the websites maintained by businesses that are engaged in commerce or that detail any specific requirements that websites must meet. In the absence of any definitive standard from the government, the parties have investigated the standards that are prevalent in the industry, and believe that the Web Content Accessibility Guidelines (WCAG) 2.0 Level AA provide an appropriate standard by which to judge whether Defendant's websites are sufficiently accessible to comply with any duties imposed by the ADA.

Accordingly, Defendant has agreed to meet the Web Content Accessibility Guidelines (WCAG) 2.0 Level AA standard within the timeframe set forth in the attached proposed Order.

Counsel for Plaintiff has conferred with Defendant and represents to the Court that Defendant does not object to the entry of judgment in the form attached.

The proposed judgment effectively remedies the issues pleaded in Plaintiff's Complaint and ensures that Defendant's websites will be accessible to visually-impaired customers as required by the Americans with Disabilities Act.

WHEREFORE, Plaintiff requests the Court enter the judgment in the form attached hereto, setting the timeframe and standard for Defendant to ensure compliance with the ADA. Plaintiff represents that the parties will bear their own fees and costs, except as otherwise provided in their settlement agreement. Plaintiff requests that the Court retain jurisdiction to enforce Defendant's compliance with the terms of the judgment, including assessing any damages, costs, or legal fees reasonably and necessarily incurred by Plaintiff's counsel in post-judgment enforcement proceedings.

For the Plaintiff:

By: _____
C.K. Lee, Esq.
Lee Litigation Group, PLLC
30 East 39th Street, 2nd Floor
New York, New York 10016
Telephone: (212) 465-1188
Fax: (212) 465-1181
cklee@leelitigation.com

Date: ___Sept 9, 2016___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE DEL-ORDEN, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>-against-<br><br>OUTBACK STEAKHOUSE OF FLORIDA, LLC.<br><br>Defendant. | 16 CV 2319<br><br>**JUDGMENT** |

HAVING CONSIDERED Plaintiff's Unopposed Motion for Entry of Judgment, IT IS HEREBY ORDERED that the Motion is GRANTED.

It is therefore ORDERED that Defendant Outback Steakhouse of Florida, LLC and its parents, subsidiaries, and related entities bring their websites into substantial conformance with the Web Content Accessibility Guidelines (WCAG) 2.0 Level AA, which are hereby determined by the Court to be an appropriate standard to judge whether Defendant is in compliance with the accessibility requirements of the ADA.

Defendant is ORDERED to bring the subject websites into substantial conformance with the WCAG Guidelines 2.0 Level AA on or before the dates set out in the following schedule:

(1) Phase One (Online Ordering) by January 31, 2018:

    a. **Carrabba's Italian Grill Online Ordering** - www.carrabbasonlineordering.com

    b. Outback Steakhouse Online Ordering - www.outbackonlineordering.com

(2) Phase Two (Mobile Apps and Payment Site) by February 28, 2018:

    a. Outback Steakhouse Mobile App

    b. Outback Steakhouse payment page - www.OutbackPay.com

    c. **Carrabba's Italian Grill** Mobile App

4

       d. Bonefish Grill Mobile App

(3) Phase Three (Other websites) by December 31, 2019:

       a. www.flemingssteakhouse.com

       b. www.bloominbrands.com

       c. www.dine-rewards.com

       d. www.carrabbas.com

       e. www.bonefishgrill.com

       f. www.outback.com

The requirement of substantial conformance will apply to and be inclusive of all pages within the website domains and applications listed above, except those pages or applications that link to the pages identified but that are not controlled or operated by Defendant or its parents or subsidiaries.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction to enforce the implementation of Defendant's compliance with WCAG 2.0 Level AA, including assessing and awarding any damages, costs, or legal fees reasonably and necessarily incurred by Plaintiff's counsel in post-judgment enforcement proceedings.

SO ORDERED in New York, New York, this  13  day of  September , 2016

                                                            J. PAUL OETKEN
                                                   United States District Judge

The Clerk is directed to close this case.